Congress Construction Co. v. Gutrich.

------

## Congress Construction Co. v. Michael Gutrich.

1. VERDICTS—*On Conflicting Evidence Final.*—Only a question of fact, depending upon conflicting evidence, is involved in this case and under the rule that the verdict of a jury on conflicting evidence is final the judgment must be affirmed.

Assumpsit, on a building contract. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

EDWIN F. ABBOTT, attorney for appellant.

WALKER & DAVIS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

From the record we dig out that, probably, Messrs. Whistler and Fountain had a ground lease, and undertook to erect a building so large that the labor and material for the excavation and masonry would be worth $4,550. The appellant, by contract with Whistler and Fountain, undertook to erect the building, and was to be paid $5,000 when the first story joists were on. The appellant and appellee made a contract by which the appellee undertook to do the excavation and masonry. When the walls were ready for them the joists were laid, presumably by the appellant, and the appellee presented a bill for a payment on account under the contract, for $1,933, less fifteen per cent, to be reserved until after the work was all done.

Then there was trouble.

Whistler and Fountain didn't pay and couldn't.

The appellant took the joists away, and naturally is quite dissatisfied with the quality of the materials, and with the manner the appellee put them into the walls. The counsel of the appellant has presented a good brief, demonstrating, from his point of view, that the complaints of the appellant are well grounded. But the facts from which he draws his conclusions are, with possibly one exception, the subject of conflicting evidence, upon which the verdict of a jury is final.

That exception is that some piers were to be built of sewer brick, and they were in fact built of hard-burned brick, selected from common brick.

There is no evidence that sewer brick make a class by themselves; but several witnesses describe sewer brick as hard-burned, selected from common brick.

The appellee did his work under the supervision of an architect named in the contract, and to his satisfaction; and the preponderance of the evidence is that the secretary of the appellant, himself a practical builder, was also satisfied.

As on the whole case only a question of fact, depending upon conflicting evidence, is involved, we must affirm the judgment.